*White* v. *Parker*, 8 Barb. 52; *Copley* v. *O'Niel*, 39 How. Pr. 41; *Hyland* v. *Baxter*, 98 N. Y. 610; *Haight* v. *Brisbin*, 100 N. Y. 222, 3 N. E. Rep. 74; and by other cases cited in opinion in *Shepard* v. *Stebbins*. I direct decree allowing the account of the administratrix as presented and filed, except as to the item of $100 for money lent, not proved, and allowing claim for $385 for repairs at $320, costs to be paid out of the estate.

---

## In re WHITEMORE'S ESTATE.

### (*Surrogate's Court, Kings County.* November, 1888.)

GUARDIAN AND WARD—PAYMENT TO GUARDIAN OF NON-RESIDENT—PETITION.

    Under Code Civil Proc. N. Y. § 2838, which provides that a general guardian of an infant who resides without the state, and within the United States, and is entitled to property in this state, may present a petition, duly verified, to the surrogate court, asking for ancillary letters of guardianship, a petition which is not signed by the guardian, and is verified by his attorney alone, is insufficient, in the absence of proof of any authority in the attorney to act except his own declaration.

Virginia W. Green, an infant residing in the state of Texas, being entitled to money bequeathed to her in this state by the will of John M. Whitemore, deceased, Charles J. Green, her general guardian, filed a petition in the surrogate court in this state for ancillary letters of guardianship. The petition was verified by his attorney alone, and the name of the guardian was signed by the attorney. Ancillary letters were granted by the surrogate, and the guardian then made application for the payment to him of money belonging to his ward, but the executors of Whitemore refused to pay over the money, claiming that the petition for ancillary letters of guardianship was insufficient, under Code Civil Proc. N. Y. § 2838, to confer jurisdiction on the court. That section provides that, where an infant who resides without the state, and within the United States, is entitled to property within the state, a general guardian of his property may present to the surrogate's court having jurisdiction "a written petition, duly verified, setting forth the facts, and praying for ancillary letters of guardianship accordingly."

*Howard R. Bayne,* for petitioner.     *Henry W. Gaines,* for the executors.

LOTT, S. This matter comes before me on the petition of the general guardian of an infant, appointed in a foreign jurisdiction, for the payment to him of certain moneys bequeathed the infant by the will of the deceased. The petition is signed by an attorney for the petitioner, and is verified by the attorney. It is conceded that to sustain the application ancillary letters in this state are necessary. The executors, upon the sole ground that, under section 2838 of the Code of Civil Procedure, ancillary letters could only be granted by this court upon the written petition of the foreign guardian, duly verified, oppose the application. The letters objected to have been issued upon a petition in the name of the guardian, not signed by him, but by attorney, and verified by attorney alone.

Counsel have not submitted any authorities, and I have been unable to find any bearing on the question save the case of *Russell* v. *Hartt*, 87 N. Y. 19, where it was held that, where a legatee and executrix named in a will, by a power of attorney duly executed, appointed another her agent and attorney, in her name and place, to present the will for probate, to have the same duly proved, and to ask for and receive letters of administration, the attorney properly acted in the premises. The objection to the present application, however, seems to me to be in the fact that there is no proof of the authority in the attorney to act, save in the declaration of the attorney; and, while it might be sufficient, if a power to act was produced, I suggest that the guard-

ian, in order to avoid any objection as to his right to delegate his power, could with equal facility sign and verify a new petition for ancillary letters.

Application denied, with privilege to renew.

---

## In re COLLYER'S ESTATE.

*(Surrogate's Court, Westchester County.    September, 1889.)*

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—NECESSARY EXPENSES.
   Under 2 Rev. St. N. Y. p. 93, § 58, as amended by Laws 1863, c. 362, § 8, (Rev. St., 8th Ed., p. 2564,) which provides that, on an accounting by executors and administrators, a reasonable allowance shall be made for their actual and necessary expenses, an administrator, on the settlement of his account, will not be allowed sums paid to counsel for advice as to the selection of an administrator from among several of the next of kin.

2. SAME—COUNSEL FEES.
   Nor is he entitled to fees paid counsel for retainers, and for procuring evidence in cases brought against the estate, nor for fees for the execution of the administrator's bond, and for attendance and advice on the making of an inventory of the estate.

3. SAME—LOST WILL—INTERVENTION.
   An administrator, in his official capacity, has no interest that entitles him to intervene in proceedings to establish a lost will of his intestate, though the petition prays that his letters be revoked, as the revocation will follow as a matter of course on the establishment of the will, (Code Civil Proc. N. Y. § 2684;) and, on settlement of his accounts, he will not be reimbursed his expenditure for counsel fees in these proceedings.

4. SAME—ASSISTANT COUNSEL.
   Where, in a contest over a claim against the estate, the administrator has employed an able attorney, who has not asked assistance, the administrator will not be allowed payments made to an assistant attorney of but a few years' practice, who has become indirectly employed in the case, except for services that would otherwise have been necessarily performed and charged for by the attorney.

5. SAME—EXCESSIVE FEES.
   Where several suits are brought against the estate, all of which involve the same point, but one of which is tried, and the law governing them has already been settled by the court of appeals, a charge in excess of $500, as counsel fees, is unreasonable.

6. SAME—COMPENSATION OF ADMINISTRATOR.
   A charge by the administrator for services relating to the accounting will be disallowed, as his compensation for services rendered the estate must be fixed by the surrogate at the close of the proceeding.

7. SAME—COUNSEL FEES.
   In an action against the estate, tried before a referee, where the administrator's attorney neglected to plead the statute of limitations, a charge of $350 for the attorney's services in applying to the special term for leave to amend, and in appealing to the general term from an order of denial, will be disallowed as an unnecessary expense.

8. SAME—PER DIEM ALLOWANCE.
   In an action tried before a referee, $10 per day is a liberal counsel fee for days on which no proceedings were had other than to adjourn.

Charles L. Collyer, after consultation with his four brothers, assisted by counsel, was appointed administrator of the estate of his deceased sister, Elizabeth Collyer. Subsequently George B. Collyer, one of the brothers, presented a claim for board and house rent furnished the deceased, amounting to upwards of $10,000. This claim was finally disallowed by the court of appeals. See 21 N. E. Rep. 114. In this litigation, which is referred to as the "Gifford Reference" or "Board Case" in the surrogate's opinion, the administrator employed Calvin Frost to represent the estate, to whom he paid over $2,000 for his services. He also paid another lawyer, Seaman Miller, $3,530 as assistant. In addition, Miller was paid $3,525 for other services performed for the administrator. The administrator now applies for a judicial settlement of his accounts. For a litigation arising during the course of the administration, see 3 N. Y. Supp. 310.